# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARTIEZ BRIGHT,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-03267** |
| | ) | **Judge Aleta A. Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

Martiez Bright has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1), challenging an allegedly illegal sentence previously imposed by this court. *See United States v. Bright*, No. 3:12-cr-00091 (M.D. Tenn. Mar. 8, 2016) (Judgment, Doc No. 54).[1] As explained below, the court finds that an evidentiary hearing is not required and that the movant is not entitled to relief.

## I.     PROCEDURAL BACKGROUND

In May 2012, a criminal complaint was lodged against the movant, charging him with knowingly possessing cocaine with intent to distribute within 1000 feet of a public housing facility, in violation of 21 U.S.C. §§ 841(a)(1) and 860. (Crim. Doc. No. 1.) The grand jury returned an indictment shortly thereafter, which, in addition to the count alleged in the Complaint, asserted a second count, for being a previously convicted felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Crim. Doc. No. 8.) The government then filed an Information Alleging Prior Felony Drug Convictions ("§ 851 Enhancement"), pursuant to 21 U.S.C. §

---

[1] References to the criminal case record herein will be designated as "Crim. Doc. No. __."

851(a)(1). (Crim. Doc. No. 10.) According to the government, the defendant's prior state drug-related convictions required enhancement of the defendant's sentence upon Count 1 of the Indictment, such that he would be subject to a mandatory minimum sentence of life imprisonment without release.

In November 2015, the court accepted the movant's Petition to Enter a Plea of Guilty (Crim. Doc. No. 45), pursuant to the terms of a written Plea Agreement (Crim. Doc. No. 46). Bright agreed to plead guilty to both counts in the Indictment in exchange for the government's agreement to move to strike the § 851 Enhancement. In addition, under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed to a sentence of 168 months, below the guideline range of 188–235 months, and six years of supervised release. (Crim. Doc. No. 46; *see also* Presentence Report, Crim. Doc. No. 60, at 27.) The court sentenced the defendant to 168 months as recommended by the parties. (Judgment, Crim. Doc. No. 54.)

The *pro se* § 2255 motion was filed in this court on December 16, 2016. (Doc. Nos. 1, 2.) The government responded (Doc. No. 11); the movant filed a Reply (Doc. No. 12) and Motion to Supplement under Rule 60(b)(6), citing *Buck v. Davis*, 137 S. Ct. 759 (2017) (Doc. No. 16), to which the government also responded (Doc. No. 18). The movant then filed a "Traverse." (Doc. No. 22.)

## II.      LEGAL STANDARD FOR RELIEF UNDER § 2255

To be entitled to relief, a prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the

guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks and additional citation omitted)).

As a general rule, any claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows "cause" to excuse the procedural default and "actual prejudice" resulting from the alleged errors, *United States v. Frady*, 456 U.S. 152, 168 (1982) (citations omitted), or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). A claim of ineffective assistance of counsel is not subject to the procedural-default rule, *Massaro v. United States*, 538 U.S. 500, 504 (2003), and may be raised in a collateral proceeding under § 2255, regardless of whether the movant could have raised the claim on direct appeal. *Id.*

In addition, when the Supreme Court announces a new substantive rule of law after a habeas petitioner's conviction has become final on direct appeal, such a rule will apply retroactively to cases on collateral review, irrespective of exhaustion. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). If the Supreme Court decides a case recognizing a new right and the ruling is "made retroactively applicable to cases on collateral review," a federal prisoner seeking to assert that right has one year from the date of the Supreme Court's decision within which to file his § 2255 motion. 28 U.S.C. § 2255(f)(3); *Dodd v. United*

*States*, 545 U.S. 353, 358–59 (2005).

## III.   DISCUSSION

Although Bright purports to assert claims under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of that portion of the Armed Career Criminal Act ("ACCA") defining the term "crime of violence," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and, therefore, that imposing an increased sentence under the residual clause violates due process, he does not actually raise any arguments based on *Johnson*. Moreover, he was not sentenced under the ACCA, because he did not have three prior "serious drug offense" or "crime of violence" convictions.

Bright nonetheless brings claims based on *Mathis v. United States*, 136 S. Ct. 2243 (2016), in which the Supreme Court

> counseled again that "a judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense." To comply with the Sixth Amendment, the sentencing court may not stray beyond the elements of the prior offense "to determine the means by which [a defendant] committed his prior crimes."

*United States v. Hennessee*, 932 F.3d 437, 443 (6th Cir. 2019) (quoting *Mathis*, 136 S. Ct. at 2252, 2253).

More specifically, in the Memorandum supporting his § 2255 Motion, Bright argues that: retroactive application of *Mathis* voids his "classification as a career offender" under U.S.S.G. § 4B1.1; and his trial counsel was constitutionally ineffective for (1) failing to object to the consideration of his prior felonies for sentencing purposes, under U.S.S.G. § 4B1.1(a), because they did not actually qualify as "serious drug offenses," and (2) failing to object to the § 851 Enhancement.

The government, in response, argues that (1) Bright's *Mathis* claim is barred by the waiver contained in his Plea Agreement; (2) even if not waived, the *Mathis* claim is not cognizable on

collateral review; (3) counsel could not have been ineffective for failing to object to the § 851 Enhancement, because the government agreed to strike it; and (4) counsel could not have been ineffective for failing to anticipate a *Mathis* claim.

In his Reply, Bright argues that he did not *knowingly* waive his *Mathis* claim and that counsel can be charged with failing to anticipate *Mathis*, since the Supreme Court had already granted review in that case "when Petitioner was before this Court."[2] He also explains that, regardless of whether the government ultimately agreed to strike the § 851 Enhancement, his attorney should have objected to it, because the threat of a life sentencing hanging over his head was what prompted Bright to enter a guilty plea in the first place.

Bright's "Motion to Supplement" reiterates basically the same argument. In its Response to that filing, the government argues that it would not have agreed to enter into a plea agreement that allowed Bright to preserve *Mathis*-based claims and that, in any event, the prior state convictions qualify as predicate felony drug convictions for purposes of § 851.

**A.** ***Mathis* Provides No Relief**

As a preliminary matter, even assuming Bright's waiver was not "knowing," a challenge to the calculation of an advisory guideline range ordinarily cannot be reviewed under § 2255. *See, e.g.*, *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) (noting that, because the guidelines are advisory, a guidelines-based claim "does not raise an argument that [a petitioner] is ineligible for the sentence []he received").

Second, collateral review pursuant to § 2255 is not a substitute for direct appeal. *Frady*,

---

[2] This is technically true. Bright entered his guilty plea on November 5, 2015 and was sentenced on January 28, 2016. Judgement was not entered until March 8, 2016. The Eighth Circuit opinion, *United States v. Mathis*, 786 F.3d 1068 (8th Cir. 2015), was entered on May 12, 2015, and certiorari was granted in the case on January 19, 2016, *Mathis v. United States*, 136 S. Ct. 894 (2016), just prior to Bright's sentencing.

456 U.S. at 167–68; *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). A § 2255 motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted). Any claim that the court erred in applying the career offender guideline to frame its sentencing determination should have been raised on direct appeal. Its presentation for the first time in this § 2255 motion is improper because: (1) the claimed error is not of constitutional magnitude; and (2) the 168-month sentence imposed on the movant was well below both the statutory maximum of 40 years and the lower end of the career offender guideline range applicable in the movant's case (188 months).

Regardless, on the merits, Bright cannot show an error in the calculation of his sentencing range. Although Bright was not actually sentenced based on the sentencing guidelines, his guideline range was calculated in the Presentence Report based on his being a career offender within the meaning of U.S.S.G. § 4B1.1, because he had at least two prior felony convictions for a "controlled substance offense," as that term is defined in U.S.S.G. § 4B1.2. That section defines "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Bright acknowledges that he has two prior state convictions under Tenn. Code Ann. § 39-17-417(a), which makes it an offense to knowingly manufacture, deliver or sell a controlled substance, or possess a controlled substance with intent to manufacture, deliver or sell. He argues,

however, that his convictions under § 39-17-417 do not qualify as controlled substance offenses under § 4B1.2, because the Tennessee statute "criminalizes a greater swath of conduct than the elements of the relevant [guidelines] offense." (Doc. No. 2, at 4 (citing *Mathis*).) His argument is foreclosed by binding precedent.

To determine whether a prior conviction is a controlled substance offense under § 4B1.2, courts ordinarily apply a categorical approach, which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis*, 136 S. Ct. at 2248; *Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Verwiebe*, 874 F.3d 258, 260–61 (6th Cir. 2017) (applying categorical approach to § 4B1.2 determination). If the elements of the statute of conviction are broader than those comprising the generic offense, then the conviction cannot qualify as a controlled substance offense, regardless of the particular facts of the case. *See, e.g.*, *United States v. Montanez*, 442 F.3d 485, 488 (6th Cir. 2006) (holding that prior convictions for possession of controlled substances in violation of Ohio law did not qualify as predicate "controlled substance offenses" under the career offender sentencing guideline, because, "under the Guidelines, simple possession—that is, possession without the proof beyond a reasonable doubt of the requisite intent to 'manufacture, import, export, distribute, or dispense'— is not a controlled substance offense").

Where the statute of conviction is "divisible," in that it lists elements in the alternative to define several different variants of the crime, courts may employ the "modified categorical approach" in order to evaluate which of the alternative elements constituted the offense of conviction. *Mathis*, 136 S. Ct. at 2249; *see also United States v. Morris*, 885 F.3d 405, 410 (6th Cir. 2018) (holding that the district court erred in applying modified categorical approach to a non-divisible statute to determine whether the state conviction qualified as a crime of violence under §

4B1.2(a)). Applying the modified categorical approach in this case would require the court to decide whether any of the alternatives set out in Tenn. Code Ann. § 39-17-417(a) match the federal definition of a controlled substance offense under § 4B1.2(b) and, if so, consult a limited set of documents (referred to as *Shepard* documents) to determine the elements of the crime of conviction. *Mathis*, 136 S. Ct. at 2249; *see also Shepard v. United States*, 125 S. Ct. 1254 (2005). In conducting its inquiry, the court's concern is not "whether the elements of the [state statute] contain the same words as the Guidelines' definition [of a controlled substance offense]" but, rather, "whether the elements of [the statute] are of the *type* that would justify its inclusion within the definition of a controlled-substance offense." *United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014) (emphasis in original) (citation omitted).

The Tennessee statute, Tenn. Code Ann. § 39-17-417(a), criminalizes four separate offenses and is thus divisible. *See United States v. Goldston*, 906 F.3d 390, 394 (6th Cir. 2018) (holding that § 39-17-417(a) is divisible for purposes of determining whether a conviction under that statute qualifies as a "serious drug offense" under the ACCA). However, all of the alternatives listed in Tenn. Code Ann. § 39-17-417(a) fit within § 4B1.2(b)'s definition of a controlled substance offense. *See United States v. Alexander,* 686 F. App'x 326, 327 (6th Cir. 2017) (holding, post-*Mathis*, that Tenn. Code Ann. § 39-17-417(a) is a categorical controlled substance offense for purposes of the career-offender guideline); *Douglas*, 563 F. App'x at 377 (stating the Sixth Circuit has "always treated a violation of [Tenn. Code Ann.] § 39-17-417 as a categorical controlled substance offense").[3]

---

[3] The state court Judgments attached to the government's § 851 Enhancement show that Bright was convicted under Tenn. Code Ann. § 39-17-417 in November 2007 for "poss c/s w/ int. over .5 grams," i.e., possession of a controlled substance with intent to sell or distribute over .5 grams, for which he received an eight-year sentence, and again in June 2008, for sale of cocaine, for which he received a three-year sentence. (Crim. Doc. No. 10-1.)

Consequently, Bright's prior convictions under Tenn. Code Ann. § 39-17-417(a) were "controlled substance offenses" as that term is defined by § 4B1.2(b), and the Presentence Report correctly classified him as a career offender. Even if he had actually been given a guideline sentence, *Mathis* would not afford him relief under § 2255.

**B.        Ineffective Assistance of Counsel**

To be entitled to relief under § 2255 based on a claim of ineffective assistance of counsel, the movant must establish "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In judging an attorney's conduct, the court must consider all of the circumstances and facts of the particular case, *id.* at 690, and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Prejudice requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Bright, first, cannot establish that counsel was ineffective for failing to raise a *Mathis*-based claim, since any such failure could not have prejudiced the outcome in this case. As discussed above, the *Mathis* claim fails on its merits.

Bright also argues that his counsel was ineffective for failing to object to the § 851 Enhancement, but he does not explain how any objection would have been successful other than by insisting that a felony drug conviction under Tenn. Code Ann. § 39-17-417 would not fall within § 4B1.2(b)'s definition of a controlled substance offense. As set forth above, however, that argument would have been unavailing. Moreover, the § 851 Enhancement is based on the penalties established by 21 U.S.C. § 841(b)(1)(A) (2016), which, at the time of Bright's conviction, used

the term "felony drug offense" rather than "controlled substance offense."[4] The definition of "felony drug offense" is significantly broader than the term "controlled substance offense" as defined in § 4B1.2(b). As the Sixth Circuit has recognized:

> The Supreme Court has held that the definition of "felony drug offense" in 21 U.S.C. § 802(44) controls as the "exclusive[]" definition for purposes of § 841(b)(1)(A). . . . Under § 802(44), "[t]he term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

*United States v. Graham*, 622 F.3d 445, 456 (6th Cir. 2010) (quoting *Burgess v. United States*, 553 U.S. 124, 127 (2008), and 21 U.S.C. § 802) (some internal citations omitted).

Bright does not argue—and has no basis for arguing—that Tenn. Code Ann. § 39-17-417(a) does not "prohibit[] or restrict[] conduct relating to narcotic drugs." 21 U.S.C. § 802(44). He cannot show that his attorney was ineffective for failing to make a futile argument or that he was prejudiced by any such failure. The movant is not entitled to relief on the basis of this claim either.

## IV.   CONCLUSION

For the reasons set forth herein, the § 2255 motion will be denied.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or

---

[4] On December 21, 2018, the President signed into law the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. Among other things, the First Step Act impacted 21 U.S.C. § 841(b)(1)(A) insofar as it changed qualifying convictions under this section from "felony drug offense[s]" to "serious drug felon[ies]" as defined by the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194, § 401(a)(2)(A) & (B). However, "the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'" *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (quoting Pub. L. No. 115-391, 132 Stat. 5194, § 401(c)). It therefore has no possible effect on Bright's sentence.

deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). Because the court finds that the movant's claims do not warrant further attention, the court will deny a COA.

An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge